IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
ELIGIO GONZALES AND LYNDAROSA      )
GONZALES, MINOS, BY AND THROUGH    )
THEIR GUARDIAN VICTORINA GONZALEZ, )
AS REPRESENTATIVE HEIRS AT LAW OF  )
MARIA R. GONZALEZ, DECEASED,       )
                                   )
                 Plaintiffs,       )    CIVIL ACTION
                                   )
v.                                 )    No.  08-1360-MLB
                                   )
DAN LICHTY, M.D. and               )
CARL W. FIESER,                    )
                                   )
                 Defendant.        )
                                   )
```

**ORDER**

This case comes before the court on defendant Dan Lichty and Carl Fieser's motions to strike Donald Fry's testimony (Docs. 117, 119 and 122). Defendants' motions are denied for the reasons herein.

Both defendants move to strike the deposition designation of plaintiffs' causation expert, Dr. Donald Fry. Dr. Fry has opined that Maria Gonzales died because of systemic sepsis secondary to death, i.e. ischemic infarction of small intestine that was due to intentional volvulus. (Depo. at 44-45). Dr. Fry gave his causation opinion after reviewing the medical records, including the autopsy report authored by Dr. Johnson. Dr. Johnson's deposition was taken July 14, 2009, and Dr. Fry's deposition was taken on January 22, 2010. Dr. Fry was not provided with a copy of Dr. Johnson's deposition. In her deposition, Dr. Johnson states that she made an error in the purulent fluid findings. Dr. Johnson's autopsy report states that the fluid was found in the "body cavity" but Dr. Johnson testified that

the fluid was found in the stomach. (Doc. 119 at 2).

Defendants assert that Dr. Fry's causation opinion should be entirely excluded because it is based on an inaccurate autopsy report.[1] For reasons unknown, neither plaintiffs' nor defendants' counsel informed or questioned Dr. Fry about the inaccuracy. Therefore, the court is left to speculate whether Dr. Fry's opinion would have changed and, if so, how. While Dr. Fry testified that his opinion is partially based on the report, there is no reason to believe that his opinion would be so dramatically affected as to justify striking his testimony in its entirety. The court has read the entirety of Dr. Fry's deposition and at no point does Dr. Fry state that his opinions are solely based on Dr. Johnson's erroneous finding that the fluid was contained in the abdominal cavity. Dr. Fry states that his opinions are based on findings which included the dead segments of intestine within the volvulus, the volvuli that were identified and the evidence that there was some extravasation of GI content due to some microperforations. (Depo at 55).

Accordingly, the error in Dr. Johnson's report may affect the weight of Dr. Fry's opinion but not its admissibility.

The motions to exclude Dr. Fry's testimony are denied.[2] (Docs.

---

[1] Dr. Johnson's "report" has not been furnished; all the court has is her one-page "Provisional Anatomic Diagnoses." (Doc. 126, exh. 1). Plaintiffs counter that Dr. Johnson's report is not inaccurate as her handwritten notes in the report state that the fluid was in the stomach and not in the cavity. Again, the court has not been supplied with a copy of the report and therefore cannot determine whether it contains inaccuracies.

[2] Defendant Lichty's argument that the deposition should not be used because it was designated two days after the deadline does not have merit. Lichty has failed to show that he has been prejudiced by the designation being filed two days late.

119 and 122).[3]

    IT IS SO ORDERED.

    Dated this   7th   day of September 2011, at Wichita, Kansas.

                                     s/ Monti Belot
                                     Monti L. Belot
                                     UNITED STATES DISTRICT JUDGE

---

[3] The counter-designations (Docs. 116, 122) will be ruled on in a separate order.