IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


ELIGIO GONZALES AND LYNDAROSA      )
GONZALES, MINORS, BY AND THROUGH   )
THEIR GUARDIAN VICTORINA GONZALEZ, )
AS REPRESENTATIVE HEIRS AT LAW OF  )
MARIA R. GONZALEZ, DECEASED,       )
                                   )
                    Plaintiffs,    )     **CIVIL ACTION**
                                   )
v.                                 )     No.  08-1360-MLB
                                   )
DAN LICHTY, M.D. and               )
CARL W. FIESER, M.D.,              )
                                   )
                    Defendants.    )
_____)


<u>ORDER</u>

This case comes before the court on the following motions:

1.   Fieser's motion in limine (Doc. 117);

2.   Lichty's objection to Dr. Auerbach's deposition testimony (Doc. 121);

3.   Lichty's motion in limine (Doc. 123);

4.   Lichty's motion in limine to prevent hearsay testimony (Doc. 127); and

5.   Lichty's motion to strike portions of plaintiffs' final witness and exhibit list (Doc. 128).

All parties seek to prohibit the admission of certain evidence at trial.  To the extent it can with the information before it, the court will briefly rule on each motion.  The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial.  <u>See</u> <u>Turley v. State Farm Mut. Ins. Co.</u>, 944 F.2d

669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself.").   By the same taken, nothing said herein should be constituted as a final ruling admitting evidence to which a valid objection is made at trial.

### Analysis

**A.      Feiser's Motion in Limine (Doc. 117), Lichty's Motion in Limine (Doc. 123) and the Motion to Exclude Dr. Auerbach's deposition (Doc. 121)**

The court held a status conference in this case on August 31. At the conference, the court informed plaintiffs' counsel that he must respond to the pending motions by September 6.  Counsel has not done so. As counsel is aware, <u>see</u> Doc. 103, uncontested motions are granted absent a showing of excusable neglect.  D. Kan. R. 7.4.  Counsel has not provided the court with a reason for his failure to respond. Therefore, the motions are granted as uncontested.

**B.   Lichty's Motion in Limine to Prevent Hearsay Testimony (Doc. 127)**

Lichty moves, out of time, to exclude certain testimony of Tina Loving on the basis that it is hearsay.  Lichty cites portions of Loving's deposition and urges the court to make rulings on the testimony.  Loving will not, however, testify by deposition but will appear at trial.   The court therefore declines to rule on her deposition testimony.

**C.   Lichty's Motion to Strike (Doc. 128)**

Lichty moves to strike portions of plaintiffs' final witness and exhibit list (Doc. 128).

### 1.   Lyndarosa and Eligio Gonzales

Lichty moves to strike these two plaintiffs as witnesses on the basis that they were not disclosed during discovery as witnesses who have "knowledge of any facts surrounding the incident." (Doc. 128 at 2).   These plaintiffs were small children at the time of Maria Gonzales' death.   Presumably, their testimony will be for damages purposes.   Defense counsel may make an appropriate objection during trial to specific questions posed by counsel and the court will rule on each question individually.   The court will not exclude these plaintiffs as witnesses at this time.

### 2.   Photographs

Lichty moves to exclude photographs of plaintiffs' family on the basis that they were not disclosed.   Plaintiffs' counsel is directed to show the photographs to defendants' counsel prior to jury selection.   The court will rule on any objections when the photographs are offered into evidence.

### 3.   Dr. Johnson's Autopsy Report

Lichty moves to exclude Dr. Johnson's report on the basis that it has an error concerning the location of the purulent fluid and therefore is not accurate and should be excluded.   Dr. Johnson's deposition, however, has been designated in this case and her testimony corrects the error without changing her final conclusions in the report.   Therefore, the court finds that the report is relevant and admissible and the error on the report will not confuse the jury.

### 4.   Plaintiffs' Final Witness and Exhibit List

Lichty moves to strike plaintiffs' final witness and exhibit list because it was disclosed after the deadline.   During the status

conference on August 30, the court was informed that plaintiffs had not produced their list.    The court imposed a new deadline of September 2 and defendants did not voice any objections to the court's ruling.    That deadline was met by plaintiffs.    Therefore, Lichty's motion is denied.

**5.    Conclusion**

Lichty's motion to strike (Doc. 128) is denied.


IT IS SO ORDERED.

Dated this    8th    day of September 2011, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE